**Ronald D. HOLT, Plaintiff–Appellee,**

v.

**COMPTON SALES COMPANY,
INC., and Johnny Dockery,
Defendants–Appellants.**

Court of Appeals of Tennessee,
Eastern Section.

Jan. 13, 1995.

Application for Permission to Appeal
Denied by Supreme Court
May 1, 1995.

William W. Reedy, Athens, for appellants.

J. Reed Dixon, Sweetwater, for appellee.

*OPINION*

GODDARD, Presiding Judge (Eastern Section).

Compton Sales Company, Inc.,[1] appeals a judgment rendered in favor of Ronald D.

---

1. Johnny Dockery, an employee of Compton Sales, who was driving its truck, was never served with process.

Holt in a personal injury suit as a result of injuries received by him in a vehicular accident occurring on November 19, 1991. The jury awarded Mr. Holt $250,000 which, upon post-trial motion, was remitted by the Trial Judge to $200,000.

Compton Sales' appeal contends this Court should further reduce the remitted judgment.

■ Although not specifically statutorily authorized, T.C.A. 20–10–103(a)[2] implicitly recognizes the authority of an appellate court to grant a further remittitur when the award, even as remitted by the Trial Court, is deemed excessive.

■ Likewise, there is no statutory mandate as to the standard of review of the Trial Court in failing to grant a larger remittitur. We do believe, however, the standard of review set out as to the Trial Court's action in granting a remittitur under T.C.A. 20–10–103(b)[3] is appropriate.

■ We will accordingly review the proof to determine whether the evidence preponderates against the determination of the Trial Judge that his $50,000 remittitur was appropriate.

Because the jury's verdict was approved by the Trial Court to the extent it awarded damages in the amount of $200,000, we must review the proof in the light most favorable to Mr. Holt to glean the material evidence supportive of the award as remitted. After doing so, we conclude there is material evidence to support the following statement as to Mr. Holt's damages found in his appellate brief:

The Plaintiff was at the time of the accident forty years old, has a seventh grade education, has limited reading and writing skills and had engaged in manual labor employment during his adult life. He has had one previous but fully resolved injury to his hip.

For several years prior to the accident, the Plaintiff had worked various part-time and pick up jobs, but three weeks prior to the accident he secured full-time employment moving juke boxes and other amusement machines from one location to another while training to repair the same equipment. He was earning $250.00 per week. He had excellent prospects for continued employment. He had a strong back and a good work ethic. In addition he enjoyed several recreational activities including camping, fishing, boating, auto racing and repair and yard and home maintenance.

As a result of the accident, Mr. Holt received injuries to his neck and back. The neck injury and resulting severe headaches resolved with time but the back injury persisted and he was eventually diagnosed with a significant lumbar sprain strain with nerve root impingement and a bulging disc at L4–5.

Pain and limitation of motion have persisted since the accident from the injuries which Mr. Holt received have been determined to be permanent. Mr. Holt has a 10% to 22% impairment to the body as a result of the injury. His back is no longer strong, and his occupational opportunities are limited to jobs which do not require

2. **20–10–103. Remittitur under protest—Review by supreme court.**—(a) If the judgment of the trial court, with regard to a remittitur, is affirmed in the court of appeals, so that a party is required to make a remittitur or suffer a new trial, as in the judgment of the trial court, or if, by the opinion of the court of appeals, a further or a larger remittitur is required of the party in whose favor the verdict was rendered, or if after the case was tried in the lower court by the trial judge without a jury, or if after the case was tried in the lower court with a jury and no remittitur was suggested by the trial judge, a remittitur is first suggested or required in the court of appeals, on penalty of granting a new trial; then in each and all of these events the party in whose favor the verdict or judgment has been rendered may make the remittitur under protest in the court of appeals, and take the case, by application for permission to appeal, for review upon that point, to the supreme court.

3. (b) The court of appeals shall review the action of the trial court suggesting a remittitur using the standard of review provided for in Rule 13(d) of the Tennessee Rules of Appellate Procedure applicable to decisions of the trial court sitting without a jury. If, in the opinion of the court of appeals, the verdict of the jury should not have been reduced, but the judgment of the trial court is correct in other respects, the case shall be reversed to that extent, and judgment shall be rendered in the court of appeals for the full amount originally awarded by the jury in the trial court.

"prolonged standing or prolonged bending or persistent sitting but rather ability to quickly and frequently change positions on his job with ability to stand sometime, sit sometime, walk sometime, that he have to have a lifting limit of about 20 pounds maximal on an occasional basis and 10 pounds frequent lifting restriction."

In addition, the Plaintiff Holt developed stomach ulcer problems relating to the medications that he was taking as a result of the injury. He also suffered from depression relating at least in part to the accident. He has and will continue to suffer pain directly relating to his back injury.

He can no longer engage in his recreational activity and home and yard maintenance. He has attempted but has been unsuccessful in returning to his previous employment and has been reduced to working for his brother as a gofer for nominal wages of around $700.00 for the 1993 year.

At the time of the accident, Mr. Holt had a life expectancy of 30.61 years and at the time of trial a life expectancy of 28.88 years.

Mr. Holt was not hospitalized. His stipulated medical and drug expenses were $6771.38.

Upon reviewing the proof in accordance with the standard hereinbefore set out, we conclude that the evidence does not preponderate against the remittitur suggested by the Trial Judge and in favor of an additional remittitur. Consequently, we also conclude that the judgment of the Trial Court in the amount of $200,000 was appropriate.

The judgment of the Trial Judge is accordingly affirmed and the case remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Compton Sales and its surety.

FRANKS and McMURRAY, JJ., concur.